UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MARSHALL TODMAN, *et al*.  )<br>  )<br>   *Plaintiffs*,  )<br>  )<br>v.  )<br>  )<br>MAYOR & CITY COUNCIL  )<br>OF BALTIMORE, *et al*.  )<br>  )<br>   *Defendants*.  )<br>  ) | Civil Action No.: 19-cv-03296-GLR |

BRIEF OF *AMICUS CURIAE*
MARYLAND MULTI-HOUSING ASSOCIATION, INC.

At the invitation of this Honorable Court, and pursuant to its Order dated June 8, 2021 [ECF No. 95], The Maryland Multi-Housing Association, Inc., by its undersigned counsel, offers this brief as *Amicus Curiae*:

I.     INTEREST OF *AMICUS CURIAE*

The Maryland Multi-Housing Association, Inc. ("MMHA") is a statewide nonprofit organization established in 1996 that serves the interests of housing providers by advocating for quality rental housing and addressing matters impacting the rental housing industry. MMHA serves the interests of multifamily housing owners, managers, developers and suppliers throughout the State of Maryland, and maintains a high level of professionalism in the multifamily housing industry in order to better serve the rental housing needs of the public.  MMHA members include 75 owners and managers of 50,697 rental housing units in 276 apartment communities that house more than 132,000 residents in Baltimore City. MMHA is an "expert" in the field of landlord-

tenant law, having served as an advocate for housing providers statewide for decades. It is often called upon by the Maryland General Assembly, local legislative bodies and the Court of Appeals of Maryland to provide information and guidance on landlord-tenant matters. Moreover, it represents a body of housing providers who work fervently to provide quality rental housing to hundreds of thousands of Marylanders.

Plaintiffs' suit alleges that Section 8A of Article 13 the Baltimore City Code ("Section 8A") is unconstitutional because (1) tenants evicted pursuant to Maryland's Tenant Holding Over Statute (Section 8-402 of the Real Property Article of the Maryland Code) are not provided additional notice, after a judgement for possession is entered, of the exact date and time of the subsequent eviction; and (2) tenants that do not remove their belongings from the leased premises after a judgement for possession is entered, and prior to an eviction, are deemed to have abandoned those belongings.  It is notable that nothing in the State law requires that tenants be provided additional notice, after a judgment for possession is entered, of the exact date and time of the subsequent eviction.  *Amicus* MMHA has an interest in this case because housing providers throughout Baltimore City have relied on Section 8A for nearly 14 years, and Plaintiffs seek to hold one such housing provider, Defendant Collins, accountable for that reliance despite the fact that Section 8A has never (to MMHA's knowledge) been challenged or found to be unconstitutional prior to Plaintiffs' Complaint.

## II.     STATEMENT OF FACTS

*Amicus* MMHA accepts and adopts the Statement of Facts enumerated in Defendant Mayor and City Council of Baltimore's Motion for Summary Judgment and Opposition to Plaintiffs' Partial Motion for Summary Judgment.  [ECF No. 98].

### III. ARGUMENT

#### A. Possessory Actions in Baltimore City

There are three primary means of repossessing rented property from a tenant in Baltimore: Failure to Pay Rent pursuant to Section 8-401 of the Real Property Article of the Maryland Annotated Code ("RP § 8-401"), Tenant Holding Over pursuant to Section 8-402 of the Real Property Article of the Maryland Annotated Code ("RP § 8-402"), and Breach of Lease pursuant to Section 8-402.1 of the Real Property Article of the Maryland Annotated Code ("RP § 8-402.1"). Residential housing providers are not permitted to utilize self-help evictions, and therefore are required to utilize the foregoing laws of the State of Maryland (and corresponding laws of the City of Baltimore) to regain possession of rented property.

Pursuant to State and local law, only one of these three actions—Failure to Pay Rent under RP § 8-401—offers a tenant the right of redemption, or ability to remain in the rented property despite a judgment for possession being entered against the tenant. Pursuant to RP § 8-401[1], a tenant may exercise their right of redemption by paying the rent determined to be due by the Court up until the moment the Sheriff carries out the eviction. Accordingly, Baltimore City law requires that a housing provider in a Failure to Pay Rent action must provide notice to the tenant of the first scheduled eviction date in two separate ways, by mailing the notice to the tenant with a certificate

---

[1] Subtitle 9 of the Code of Public Local Laws of Baltimore City addresses the distinct actions at various times throughout its sections. For example, § 9-2 through § 9-7, which only apply to Failure to Pay Rent actions, address a tenant's right of redemption and provide that after a tenant has exercised the right of redemption on four (4) prior occasions in a twelve month period, a housing provider may seek to foreclose the right of redemption.

of mailing at least 14 days in advance and by posting the notice on the premises at least 7 days in advance. *See* Section 8A-2 (b) and (c). If the housing provider does not comply with the notice requirements, the eviction will be cancelled and the housing provider will be required to apply for a new Warrant of Restitution. *See* Section 8A-3.

Likewise, pursuant to State and local law, two of the three actions—Tenant Holding Over pursuant to RP § 8-402 and Breach of Lease pursuant to RP § 8-402.1—require notice to a tenant *before* the possessory action is filed. Pursuant to RP § 8-402, as modified by Subtitle 9 of the Code of Public Local Laws of Baltimore City, sixty (60) days' notice to a tenant is required before the filing of a Tenant Holding Over action. Pursuant to RP § 8-402.1, thirty (30) days' notice to a tenant is required before the filing of a Breach of Lease action. As a result, in both Tenant Holding Over actions and Breach of Lease actions, the law mandates the issuance of a written notice to the tenants requesting that they vacate rented property before an action is filed, offering the tenant notice long before anything is filed with the Court or a judgment for possession is entered. In Tenant Holding Over actions and Breach of Lease actions, a tenant has no right of redemption, and must vacate the rented property after a judgment is entered or face eviction.

### B. Section 8A Reflects the Distinctions in the Possessory Actions

Section 8A was the result of the efforts of the City Council and various stakeholders, including the City Law Department and landlord and tenant advocates, who devised a system for disposal of eviction chattel in 2007. The distinction between the various landlord-tenant possessory actions was acknowledged and made clear in Section 8A which, pursuant to Section 8A-2, mandates notice to the tenant of the date of the eviction in Failure to Pay Rent actions under RP § 8-401, but *not* in Tenant Holding Over actions or Breach of Lease actions pursuant to RP § 8-402 and RP § 8-402.1, respectively. All stakeholders. agreed that notice of a pending eviction date in

Failure to Pay Rent actions under RP § 8-401 was sensible because of a tenant's right of redemption in such cases; however, such notice was unnecessary in Tenant Holding Over and Breach of Lease actions because 1) tenants had already received 30 or 60 days' notice to vacate before the action was filed, and 2) in those matters there is no legal right of redemption after a Court enters an order requiring the tenant to vacate the rented property.

Section 8A stipulates that property left in a rental unit at the time of eviction in a Tenant Holding Over or Breach of Lease actions is considered abandoned and disposed of by the housing provider because, under such circumstances, the logical conclusion is that the tenant does not want those items. For example, in a Tenant Holding Over action in Baltimore City:

1) Tenants have received sixty (60) days' notice that the landlord would like the tenant to vacate the rented property;

2) After a Tenant Holding Over action is filed, tenants receive notice of a trial date and have an opportunity to appear in the District Court of Maryland siting in and for Baltimore City for a trial on the merits of the action;

3) If a judgment for possession of the rented property is entered in favor of the landlord, tenants have ten (10) days to file a motion seeking a new trial pursuant to Maryland Rule 3-533, ten (10) days to file a motion to alter or amend the judgment pursuant to Maryland Rule 3-534 and thirty (30) days to move the court to exercise its revisory power pursuant to Maryland Rule 3-535.  In addition, tenants have ten (10) days to the note an appeal to the Circuit Court for Baltimore City pursuant to RP § 8-402. Finally, tenants may (and often do) petition the Court to stay an eviction.

4) If a judgment for possession of the rented property is entered in favor of the landlord after a trial on the merits, and a tenant elects not to exercise one his or her foregoing

post-judgment rights, a landlord must file a Petition – For Warrant of Restitution and obtain an Order from a Judge of the District Court of Maryland for Baltimore City directing the Sheriff to carry out an eviction. If the Warrant of Restitution is ordered, tenants are provided two copies. Most importantly, the Petition – For Warrant of Restitution provides the following warning to tenants in Baltimore City regarding their rights:

**BALTIMORE CITY ONLY**
**IMPORTANT NOTICE TO DEFENDANTS**

The landlord in a failure to pay rent case must provide notice to the tenant of the first scheduled eviction date in two separate ways:
- Mail notice to the tenant by first-class mail with a certificate of mailing at least 14 days in advance of the first scheduled eviction date; <u>and</u>
- **Post the notice on the premises at least 7 days** in advance of the first scheduled eviction date.
- The day of mailing or posting is Day 1. Day 14 must be no later than the day before the scheduled date of eviction. Count holidays and weekends.

The tenant may challenge whether notices were given properly. If the tenant challenges the notices or if the sheriff has doubt that the notices were properly given, the sheriff will refer the issue to the judge for decision. If the judge determines that the landlord did not comply with the notice requirements, the eviction will be vacated/cancelled and the landlord will be required to apply for a new Warrant of Restitution.

If the notice challenge is determined in the landlord's favor, the sheriff will execute the eviction immediately.

The landlord is <u>strictly prohibited</u> from putting abandoned property in the street, the sidewalk, alleys, or on any public property. Anyone who illegally dumps abandoned property from an eviction is guilty of a misdemeanor, subject to a penalty of up to $1,000 for each day of unlawful dumping. The landlord may dispose of the abandoned property by transporting it to a licensed landfill or solid waste facility, donating it to charity, or some other lawful means.

> **On eviction day any personal property left in or around the rental unit is considered abandoned.** When the sheriff returns possession of the rental property to the landlord, any of the tenant's personal property left in or around the rental unit is considered abandoned. The tenant has no right to the property.

C. **Tenants in Tenant Holding Over Actions Are Given Ample Notice That Personal Property Left In Rented Premises After a Judgment for Possession is Entered Is Considered Abandoned When an Eviction Occurs.**

As a leading advocate for housing providers, representatives of MMHA were invited to participate in the Work Group that was tasked on drafting Section 8A for presentation to the City Council. Based on MMHA's participation in the drafting of Section 8A, along with various other advocates for landlords and tenants, as well as City Council members and the City Law Department, MMHA can attest to the considerable time spent seeking the best disposal system for eviction chattels. Prior to the passage of Section 8A, housing providers in Baltimore City were required to place eviction chattels beyond the curtilage[2] of the rented property at the time of an eviction, which typically meant placing the eviction chattels on the public way. This process created danger and aggravation for the general public, and expense for the City. Section 8A provided relief for communities that previously suffered from the resultant blight of such a system, and savings for taxpayers who bore the expense of City-funded chattel disposal. Contrary to Plaintiffs' insinuation that housing providers unduly influenced the Council and/or the drafting of Section 8A, *both* tenant advocates and landlords unanimously supported the final version of Section 8A that was passed by the Council. In fact, it is landlords who now bear the enormous expense associated with disposal of personal property left behind by evicted tenants, much of which is bulk trash that requires extra expense in order to properly dispose of in Baltimore City. For example, Regional Management, Inc., a member of MMHA, spends an average of $18,000.00

---

[2] Black's Law Dictionary defines curtilage as the land or yard adjoining a house.

annually to dispose of eviction chattels. Over the 14 years that Section 8A has been in effect, this expense amounts to approximately $252,000.00.

In addition, although Plaintiffs assert that Section 8A only benefits landlords, that is not true. Instead, the current method proscribes that a tenant in a Tenant Holding Over action receive *more* notice regarding his or her rights with regard to personal property than required by State law. Specifically, the Petition – for Warrant of Restitution states in bold face type and capital letters "**IMPORTANT NOTICE TO DEFENDANTS**" and then provides in bold face type the following warning:

> **On eviction day any personal property left in or around the rental unit is considered abandoned.** When the sheriff returns possession of the rental property to the landlord, any of the tenant's personal property left in or around the rental unit is considered abandoned. The tenant has no right to the property.

Notably, Plaintiffs have cited no law or case, and MMHA is aware of none, that would properly require a housing provider who is legally entitled to possession of his real property to wait to take full possession of that property following an eviction when a tenant has been provided: 1) 60 days' notice to vacate; 2) notice of a pending Tenant Holding Over action; 3) an opportunity for a trial on the merits in a Tenant Holding Over action; 4) a variety of post-judgment remedies; 5) notice that the housing provider has requested that the Sheriff carry out an eviction; and 6) notice that property left in the rental unit at the time of the eviction will be considered abandoned. Plaintiffs' contention that additional notice is necessary to afford tenants their constitutional rights is mistaken, and evidence of their lack of comprehension of the operation of the various possessory actions that may be brought by housing providers in Baltimore City.

Finally, this very case illustrates the logical reason why housing providers have resisted any disposal system that would make them liable for tenant chattel following an eviction: after

assuring Defendant Collins that the items Plaintiffs left in the rental property were trash, Plaintiffs now claim that several high dollar electronics and household items were not returned to them. This resistance does not reflect any improper involvement by housing providers in the drafting of Section 8A; rather, it is a reasonable position for advocates of housing providers to take given the likelihood of fraudulent claims in such a scenario.

## IV.     CONCLUSION

Plaintiffs' claim that Section 8A is unconstitutional is based on a misunderstanding of the law.  Tenants evicted pursuant to a Tenant Holding Over action are provided various forms of notice, before *and* after a judgement for possession is entered, regarding 1) the forthcoming eviction, and 2) that if the tenant does not remove their belongings from the leased premises after a judgement for possession is entered, and prior to an eviction, the tenant will be deemed to have abandoned those belongings.  Given the foregoing, allowing Plaintiffs' Complaint to proceed would be a miscarriage of justice. As there are no genuine disputes of material fact, Defendant Mayor and City Council of Baltimore and Defendant Brock Collins are entitled to judgment as a matter of law. Accordingly, summary judgment should be entered in favor of Defendant Mayor and City Council of Baltimore and Defendant Brock Collins.

Dated: July 16, 2021                        Respectfully submitted,

/s/ *Avery Barton Strachan*
Avery Barton Strachan (Bar Number: 27556)
Kerri L. Smith (Bar Number: 05452)
Silverman | Thompson | Slutkin | White LLC
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
Phone: (410) 385-2225
Facsimile: (410) 547-2432
astrachan@silvermanthompson.com
ksmith@silvermanthompson.com
*Counsel for Amicus Curiae Maryland Multi-Housing Association, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2021, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, causing it to be served on all registered users.

Dated: July 16, 2021                    Respectfully submitted,

/s/ *Avery Barton Strachan*
Avery Barton Strachan (Bar Number: 27556)
Kerri L. Smith (Bar Number: 05452)
Silverman | Thompson | Slutkin | White LLC
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
Phone: (410) 385-2225
Facsimile: (410) 547-2432
astrachan@silvermanthompson.com
ksmith@silvermanthompson.com
*Counsel for Amicus Curiae Maryland Multi-Housing Association, Inc.*